# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ANTHONY D. MORRIS,

        Plaintiff,

v.                                        Case No. 14-CV-967

CITY OF RACINE and MARK F. NIELSEN,

        Defendants.

## SCREENING ORDER DISMISSING CASE

The plaintiff, Anthony D. Morris ("Morris"), who is confined at the Racine County Jail, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that the defendants violated his civil rights. This matter comes before the court on Mr. Morris' petition to proceed *in forma pauperis*. The court has assessed, and Mr. Morris has paid, an initial partial filing fee of $12.16.

The court must screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint, in whole or in part, if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may dismiss a claim as frivolous, therefore, where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts, and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint that offers "labels and conclusions," however, or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual information, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at

556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly*, first by "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Plaintiffs must support legal conclusions with factual allegations. *Id.* If there are well-pleaded factual allegations, the court must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was caused by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

In this case, Mr. Morris alleges that on March 25, 2014, he was found guilty in municipal court on two citations–unreasonable and imprudent speed and operating a vehicle without a driver's licence. On April 6, 2014, he attempted to appeal the decision to the circuit court, but was unaware that he needed to contact the city attorney regarding the appeal. Mr. Morris contacted

3

the city attorney on May 26, 2014, but he alleges that the city attorney "proceeded by motion to deny [his] appeal" to the circuit court as untimely. On June 25, 2014, defendant Judge Mark F. Nielsen denied Mr. Morris' motion to appeal the decision to the circuit court. Now, Mr. Morris asserts that Judge Nielsen failed to follow procedure and schedule a hearing on the motion and instead denied the motion by letter.

Mr. Morris also alleges that on July 2, 2014, he filed a motion for relief from judgment pursuant to Wis. Stat. § 806.07, and that on July 20, 2014, he filed an amended motion for relief from judgment under Wis. Stat. §§ 800.115 and 806.07. The Wisconsin Court System's Circuit Court Access online records reveal that Racine County Case Number 2014CV1333 is Mr. Morris' appeal from his municipal court judgment. *See* wcca.wicourts.gov (last visited December 31, 2014). The City of Racine objected to the appeal. The court held a motion hearing on September 30, 2014, and denied the appeal on October 3, 2014.

Morris argues that Judge Nielsen violated his ministerial duty, as well as Mr. Morris' due process rights, by failing to follow the proper procedures required under Wis. Stat. § 800.115 and to hold a hearing on Mr. Morris' motion. In the case before this court, he asks this court to hear and decide the state court motion, and to award him monetary damages.

The *Rooker-Feldman* doctrine prohibits lower federal courts from reviewing decisions of the state courts in civil matters. *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*,

4

263 U.S. 413 (1923). *Rooker-Feldman* "prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Brown v. Bowman*, 668 F.3d 437, 442 (7th Cir. 2012) (quoting *Lance v. Dennis*, 546 U.S. 459, 460 (2006); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)). "The reason, quite simply, is that no matter how erroneous or unconstitutional the state court judgment may be, only the Supreme Court of the United States has jurisdiction to review it." *Brown*, 668 F.3d at 442 (citing *Brokaw v. Weaver*, 305 F.3d 660, 664 (7th Cir. 2002)).

Here, Mr. Morris asks the court to overturn Judge Nielsen's June 25, 2014, decision denying his motion to appeal to the circuit court. He asks this court to hear that motion, and also seeks monetary damages based on the alleged violation of his constitutional rights caused by Judge Nielsen's failure to hold a hearing. Although it would at first blush appear that this court lacks subject matter jurisdiction to consider this claim based on the *Rooker-Feldman* doctrine, *Rooker-Feldman* applies only to situations in which the "losing party in state court filed suit in federal court after the state proceedings ended." *Exxon Mobil Corp*, 544 U.S. at 291. Mr. Morris filed this federal lawsuit on August 8, 2014, well after Judge Nielsen's June 25, 2014 decision denying his motion to appeal. Mr. Morris subsequently filed a motion for relief from judgment with the circuit court, however, and the state court did not deny that

motion until October 30, 2014. As a result, *Rooker-Feldman* inapplicable. *See Exxon Mobil Inc.*, 544 U.S. at 292.

This does not end the analysis--Mr. Morris' case is subject to dismissal on other grounds. It is a fundamental principle that judges are entitled to absolute immunity from damages for their judicial conduct. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Forrester v. White*, 484 U.S. 219, 225-29 (1988); *Richman v. Sheahan*, 270 F.3d 430, 434 (7th Cir. 2001). Such immunity also encompasses immunity from suit. *Mireles*, 502 U.S. at 11. There are only two circumstances in which a plaintiff may overcome that immunity: 1) when the judge did not take the alleged actions while in the judge's judicial capacity, 2) when the actions, though judicial in nature, were taken in the complete absence of jurisdiction. *Id.* at 11-12; *see also Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011) ("A judge has absolute immunity for any judicial actions unless the judge acted in the absence of all jurisdiction."). Because Judge Nielsen made his decision in his judicial capacity, and because he had jurisdiction to make that decision, Mr. Morris' allegations that Judge Nielsen failed to hold a hearing on his motion do not fall under an exception to judicial immunity. Judge Nielsen is, by law, immune from suit.

Mr. Morris also names the City of Racine as a defendant. He does not claim, however, that any allegedly unconstitutional acts were the result of any official policy, practice, or custom—a requirement for suit of a government entity. *See Thomas v. Cook Cnty. Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2010) (citing *Monell v. Dep't of Soc. Serv. of New York*, 436 U.S. 658, 690

(1978)); *see also Los Angeles Cnty., Cal. v. Humphries*, 562 U.S. 29, 131 S. Ct. 447, 449 (2010).

For the reasons stated above, the court finds that Mr. Morris has not alleged any arguable basis for relief. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (quoting *Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), *aff'd sub nom., Neitzke v. Williams*, 490 U.S. 319 (1989)).

**ORDER**

The court hereby **ORDERS** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket # 2) is **GRANTED**.

The court further **ORDERS** that this action is **DISMISSED**, for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

The court further **ORDERS** that the Clerk of Court shall document on the record that Mr. Morris has brought an action that the court dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

The court further **ORDERS** that the Clerk of Court document on the record that Mr. Morris has incurred a "strike" under 28 U.S.C. §1915(g).

The court further **ORDERS** that the Racine County Sheriff shall collect from the plaintiff's prison trust account the $337.84 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §

1915(b)(2). The court **ORDERS** that the Sheriff shall clearly identify these payments by the case name and number assigned to this action.

The court further **ORDERS** that the Clerk of Court enter judgment accordingly.

The court will send copies of this order to the Racine County Sheriff and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Dated at Milwaukee, Wisconsin this 27th day of January, 2015

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Court